Mae M. Reith, Defendant in Error, v. Leah Getzoff et al., Plaintiffs in Error.

## Gen. No. 14,613.

APPEALS AND ERRORS—*when final judgment rendered on review.* If the cause has been tried by a court without a jury, and the Appellate Court finds the judgment rendered against the evidence, a final judgment may be rendered by it and the cause not remanded.

*Assumpsit.* Error to the Municipal Court of Chicago; the Hon. WILLIAM W. MAXWELL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed. Opinion filed November 19, 1909.

ELA, GROVER, MARCH & ECKERT, for plaintiffs in error.

THOMAS MCENERNY, for defendant in error; JOHN MAHON, of counsel.

MR. PRESIDING JUSTICE CHYTRAUS delivered the opinion of the court.

Mae M. Reith, defendant in error, sued Getzoff Sisters, plaintiffs in error, and recovered a judgment for $226.06, in a trial by the court without a jury. Miss Reith's claim is that she was employed as millinery trimmer and designer by the Getzoff Sisters, for a period of sixteen weeks, at $45 per week. The amount of wages, weekly, is not disputed. The Getzoff Sisters claim Miss Reith was not employed for any definite length of time. She commenced her work on September 16, 1907, and was discharged on December 2, 1907. The judgment rendered is for the unexpired portion of a sixteen weeks' period. The only question involved is one of fact. Miss Reith testified and was supported in her version of her claim by testimony of her mother and brother. To the contrary, however, we find not only direct testimony but Miss Reith's own conduct, which strongly indicates that there was no

sixteen weeks' contract. Monday, the first day of her employment, she worked; but, without saying anything to her employers, she remained away from her work on Tuesday, the day following, and until Wednesday noon. She was then met, away from the store, by Mrs. Buchman, one of her employers, and explained her absence by saying she had remained away because some one had informed her plaintiffs in error were only going to keep her the opening week and then discharge her. This staying away, for such reason, was a practical termination of the previous employment, whatever its term was. Mrs. Buchman then told Miss Reith they would keep her as long as they had work for her. This was then a re-employment, and for an indefinite period. Furthermore, Miss Reith was away from her work some length of time nearly every week she worked; some weeks two days, and one week three days. During her employment of eleven weeks she drew no regular salary of $45 per week. In the beginning of November she quit her employment but was induced to go back to work. Miss Reith appears to have taken the view, so far as the terms of her employment were concerned, that she was at liberty to do as she pleased. She admitted that during the last three or four weeks she was with the Getzoff Sisters she, by an arrangement with her mother, stayed at home a day, or two days, or three days, each week. Nothing in the record indicates she arranged with her employers so to remain at home.

Considering the facts and circumstances all together we find no warrant for the rendition of the judgment that was rendered. At the time she was discharged she had no contract of employment for a definite term. The judgment must be reversed.

*Reversed.*